**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN G. TURNER,

    Appellant,

    v.

DEPARTMENT OF JUSTICE,

    Agency.

DOCKET NUMBER
DC-0752-13-5048-X-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Landrigan</u>, Esquire, Washington, D.C., for the appellant.

<u>Harold M. Sklar</u> and <u>Leslie A. Saint</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  On November 17, 2015, the administrative judge issued an initial decision finding the Department of Justice (the agency) in noncompliance with the parties' settlement agreement in *Turner v. Department of Justice*, MSPB Docket No. DC-0752-13-5048-I-3. *Turner v. Department of Justice*, MSPB Docket No. DC-0752-13-5048-C-1, Compliance File (CF), Tab 5, Compliance Initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision (CID). The matter was referred to the Board for consideration. *See* 5 C.F.R. § 1201.183. The administrative judge's decision found that the agency had not complied with the settlement agreement because it had failed to pay the appellant 6 days of back pay as required by the agreement. CID at 4.

¶2 On December 24, 2015, the Board issued an acknowledgment order informing the agency that it had 15 calendar days to submit evidence showing its compliance. *Turner v. Department of Justice*, MSPB Docket No. DC-0752-13-5048-X-1, Compliance Referral File (CRF), Tab 1 at 3. The acknowledgment order also informed the appellant that his response to the agency's evidence of compliance was due within 20 calendar days of the date of service of the agency's submission, and that, if he chose not to respond, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.*

¶3 On January 6, 2016, the agency submitted evidence detailing payments made to the appellant on March 3 and November 20, 2015, for 32 hours of pay and 16 hours of pay, respectively. CRF, Tab 2 at 8-11. The appellant did not respond to this evidence.

¶4 We find that the agency has produced evidence that it paid the appellant for a total of 48 hours, or 6 days, of pay, as required by the parties' settlement agreement. CF, Tab 1 at 16.

¶5 In light of the agency's evidence of compliance, and the appellant's failure to respond to the acknowledgment order, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of

the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.